IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

METROPOLITAN FIRE PROTECTION, : CIVIL ACTION
CO., INC., : NO. 10-3661
:
      Plaintiff, :
:
  v. :
:
METROPOLITAN FIRE PROTECTION, :
INC., et al., :
:
      Defendants. :

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                     MARCH 1, 2011

I.    **BACKGROUND**[1]

      Plaintiff Metropolitan Fire Protection Co., Inc. ("Plaintiff") has brought a Motion for the Entry of Default Judgment against Defendants Metropolitan Fire Protection, Inc. ("MFP") and Carlos Antonio Fleming ("Fleming") (collectively, "Defendants").[2] Fleming is the owner and principal operator of MFP. Plaintiff filed this action to seek relief for unfair competition by false designation of origin by trade name and

---

    [1] All findings of facts are based on testimony heard at the March 1, 2011 hearing on Plaintiff's Motion to Enter Default Judgment and exhibits admitted into evidence.

    [2] The Court has jurisdiction based on 28 U.S.C. § 1338(a), as this action arises under the Lanham Act, 15 U.S.C. §§ 1225(a) and 1225(c)(1).

service mark infringement; trade name or service mark dilution; injury to business reputation and dilution; and common law unfair competition, palming off, trade name, and trademark infringement.

Plaintiff and MFP compete in the identical or substantially similar marketplace – residential and commercial fire suppression services.  Plaintiff has not nationally trademarked the name Metropolitan Fire Protection, but Plaintiff has operated as Metropolitan Fire Protection in the commonwealth of Pennsylvania since 1995.  As such, Plaintiff is well-known in the commonwealth of Pennsylvania by the name Metropolitan Fire Protection.

On December 10, 2009, Pennsylvania amended its uniform construction code.  The amendment required that, beginning in 2010, all newly constructed townhouses must have a fire sprinkler system.  Moreover, beginning in 2011, all newly constructed single and two family homes are required to have a sprinkler.  This amendment expanded Plaintiff's business.  Plaintiff claims that this amendment enticed Defendants to enter the Pennsylvania marketplace.

At the hearing it was established that Defendants have, indeed, entered the Pennsylvania marketplace under the name Metropolitan Fire Protection, Inc.  Defendants' use of the name Metropolitan Fire Protection, Inc. has caused substantial confusion in the Pennsylvania area regarding who is providing fire suppression services as Metropolitan Fire Protection.  (See

Plaintiff's Exhibit 2(emails from clients relating to confusion as to who they are receiving services from when hiring Metropolitan Fire Protection).) Starting February 4, 2010, Plaintiff's counsel alerted Defendants as to the confusion. (Plaintiff's Exhibit 3.) In response to the February 4, 2010 communication, Defendants stated they had no interest in operating in Pennsylvania under the name Metropolitan Fire Protection Company; however, Defendants continued to operate in Pennsylvania under this name. Again, on April 28, 2010 and May 13, 2010, Plaintiff's counsel wrote to Defendants. Defendants did not respond to Plaintiff's letters nor did Defendants cease operating in Pennsylvania under the name Metropolitan Fire Protection, Inc.

Plaintiff filed its complaint on July 27, 2010. On July 30, 2010, Plaintiff requested a waiver of service of summons, but Defendants ignored Plaintiff's request. Thereafter, Plaintiff hired a process server to make service on Defendants at their home office in Clinton, Maryland. Service was made on October 23, 2010. Defendants were required to respond to the complaint on or before November 12, 2010. Defendants never responded to the complaint, and on December 1, 2010, Plaintiff filed affidavits for the entry of default as to both Defendants. Default was entered against Defendants on December 2, 2010. Defendants were then served with affidavits of default and did not respond or enter an appearance in this case. Despite having

clear notice of this lawsuit, Defendants intentionally and willfully ignored the Court and has continued to trade as "Metropolitan Fire Protection" in the Pennsylvania fire protection marketplace.

**II. Default Judgment**

Rule 55 of the Federal Rules of Civil Procedure governs the entry of defaults and default judgments, and provides that, where the Plaintiff's claim is not for a sum certain, a party must "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). In general, three factors control a court's decision as to whether a default judgment should be granted: (1) whether the plaintiff will suffer prejudice if a default judgment is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether the defendant's delay is due to culpable conduct. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

First, Plaintiff has demonstrated it will suffer prejudice if default is not entered because Plaintiff has demonstrated irreparable harm. In the Third Circuit, trademark infringement is deemed irreparable injury as a matter of law. Citizens Fin. Group, Inc. v. Citizens Nat. Bank of Evans City, 383 F.3d 110, 125 (3d Cir. 2004). Plaintiff has averred that since Defendants are operating in Plaintiff's home market, utilizing Plaintiff's trade mark, and offering similar fire

protective services to the same clients, as a matter of law, Plaintiff is being irreparably harmed by Defendants' culpable conduct.  Consequently, Plaintiff is being prejudiced by Defendants' delay.

Second, Plaintiff has demonstrated that Defendants have no litigable defense.  The standard to be applied when determining whether a Plaintiff is likely to succeed on the merits of its claims of trademark infringement and unfair competition is "the likelihood of confusion as regards to the origin or source of the products in question that would occur through the continued use by the defendant of the defendant's trademark."  Am. Express, Co. v. Pan Am. Express, 509 F. Supp. 348, 351 (E.D. Pa. 1981).  "To prevail in cases where a mark is unregistered, a plaintiff must also show (1) that he was the first to adopt the mark in commerce; (2) he has used the mark continuously in commerce since its adoption; and (3) his mark is inherently distinctive or has acquired secondary meaning." Delaware Valley Fin. Group, Inc. v. Principal Life Ins. Co., 640 F. Supp. 2d 603, 619 (E.D. Pa. 2009).  In this case, Plaintiff has testified that it has been continually identified by and has used the trade name "Metropolitan Fire Protection" in the Pennsylvania marketplace since 1995.

Additionally, the Third Circuit applies ten factors when determining whether there is a likelihood of confusion.  The ten factors include:

(1) the degree of similarity between the owner's mark and the alleged infringing mark;

(2) the strength of the owner's mark;

(3) the price of the goods and other factors indicative of the care and attention expected of consumers when making a purchase;

(4) the length of time the defendant has used the mark without evidence of actual confusion arising;

(5) the intent of the defendant in adopting the mark;

(6) the evidence of actual confusion;

(7) whether the goods, though not competing, are marketed through the same channels of trade and advertised through the same media;

(8) the extent to which the targets of the parties' sales efforts are the same;

(9) the relationship of the goods in the minds of consumers because of similarity of functions; and

(10) other factors suggesting the consuming public might expect the prior owner to manufacture a product in the defendant's market or that he is likely to expand into that market.

Sabinsa Corp. v. Creative Compounds, LLC, 609 F.3d 175, 182 (3d Cir. 2010). Here, the application of these factors confirms that the Defendants have no litigable defense. Plaintiff has established, via testimony and various emails from clients, that

Defendants' actions in Pennsylvania are causing confusion between Defendants and Plaintiff.  Plaintiff and Defendants utilize the same strong mark to advertise their services to the same Pennsylvania contractors and residential consumers of fire protection services.  Additionally, immediately upon Defendants' entry into Pennsylvania there was actual confusion amongst customers of Plaintiff and Defendant.  (Plaintiff's Exhibit 2.)

As to the third factor in determining whether default is appropriate, Plaintiff has shown that the Defendants' delay is due to culpable conduct.  Defendants have willfully failed to respond to the communications by Plaintiff and this Court.  Defendants ignored Plaintiff's request for waiver of service of summons, the formal service of the complaint, and the entry of default.  Additionally, Defendants continue to operate in Pennsylvania causing on-going confusion.  Based on the aforementioned, entry of default is appropriate.

**III. Relief Requested**

Plaintiff has requested injunctive relief, attorney fees, disgorgement, and actual damages.[3]  When a Plaintiff requests injunctive relief, the Court must consider the following factors:

---

[3]   The Court shall retain jurisdiction to enforce this order and to award damages including net profits, if appropriate.

> (a) the nature of the interest to be protected;
>
> (b) the nature and extent of the wrongful conduct;
>
> (c) the relative adequacy to the plaintiff of an injunction and of other remedies;
>
> (d) the relative harm likely to result to the legitimate interests of the defendant if an injunction is granted and to the legitimate interests of the plaintiff if the injunction is denied;
>
> (e) the interests of third persons and the public;
>
> (f) any unreasonable delay by the plaintiff in bringing suit or otherwise asserting his rights;
>
> (g) any related misconduct on the part of the plaintiff; and
>
> (h) the practicality of framing and enforcing an injunction.

Citizens Fin. Group, Inc. v. Citizens Nat. Bank of Evans City, 383 F.3d 110, 125-26 (3d Cir. 2004). Plaintiff states that in addition to the ongoing irreparable harm it is suffering, the public's interest in being able to properly identify who is providing fire protection services is paramount. Plaintiff has established that Defendants are deliberately advertising and soliciting business using Plaintiff's business name and causing confusion to customers and injury to Plaintiff. Defendants can easily rebrand for the Pennsylvania marketplace in order to avoid such confusion. Furthermore, Plaintiff has pointed out that


there has been no delay in bringing this action and that it has acted with good faith in attempting to resolve this dispute.

Plaintiff also seeks its attorney fees in prosecuting this case. Title 15, section 1117(a), of the United States Code, permits a prevailing Plaintiff in a trademark case to recover attorney fees in "exceptional cases." To determine whether attorney fees are appropriate, the Court must decide whether the Defendants acted with "culpable conduct" and then whether the case is "exceptional." Green v. Fornario, 486 F.3d 100, 103 (3d Cir. 2007). Bad faith, fraud, malice, and knowing infringement have been identified as a non-exclusive list of the sort of conduct that could support an award of attorney fees. Id. This Court finds that this is an exceptional case caused by the culpable conduct of the Defendants given that the Defendants knowingly infringed Plaintiff's trademark rights. Additionally, Defendants have ignored Plaintiff's attempts to resolve this matter.

Plaintiff has also requested disgorgement of Defendants' Pennsylvania net profits. "An accounting of an infringer's profits is available if the defendant is unjustly enriched, if the plaintiff has sustained damages, or if an accounting is necessary to deter infringement." Marshak v. Treadwell, 595 F. 3d 478, 495 (3d Cir. 2009). When determining whether to award profits the Court should consider "(1) whether the defendant had the intent to confuse or deceive, (2) whether

sales have been diverted, (3) the adequacy of other remedies, (4) any unreasonable delay by the plaintiff in asserting his rights, (5) the public interest in making the misconduct unprofitable, and (6) whether it is a case of palming off." <u>Banjo Buddies, Inc. v. Renosky</u>, 399 F. 3d 168, 175 (3d Cir. 2005).

Plaintiff states that Defendants intentionally acted to cause confusion by ignoring Plaintiff's letters informing Defendants of the issue. Plaintiff stated that it received various phone calls and letters demonstrating confusion. Based on these phone calls and letters, Plaintiff states it is more than likely that some confused customers hired Defendants believing it was Plaintiff. Plaintiff also believes that other remedies might be unavailable to Plaintiff as it may be left to speculate as to the amount of actual damages. Additionally, there has been no unreasonable delay by Plaintiff in enforcing its trademark rights because Plaintiff immediately issued cease and desist letters to Defendants and commenced suit. Moreover, the public has an interest in discouraging Defendants' behavior because it interferes with the public's ability to make informed decisions. Finally, Defendants entering into a new marketplace and trading under Plaintiff's existing name is an attempt by Defendants to "palm off" Plaintiff's good will and reputation. Thus, each factor of consideration directs disgorgement.

Finally, Plaintiff has requested actual damages. Actual damages are inappropriate because the Court finds that

disgorgement is the proper remedy.  Here, disgorgement is appropriate because, as Plaintiff admitted in its brief, assessment of actual damages would be difficult.

**IV. Conclusion**

Based on the foregoing, Plaintiff's motion for the entry of Default shall be granted.  Additionally, Plaintiff's motion for injunctive relief, attorneys' fees, and disgorgement will be granted.  An appropriate order will follow.